IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Sheppard, | No. CV-13-1723-PHX-PGR (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which Petitioner challenges his criminal convictions in Maricopa County Superior Court, State of Arizona, Case No. CR 2009-123665-001 DT. (Doc. 1) Respondents have filed an Answer to Petition for Writ of Habeas Corpus and Petitioner has filed a Reply. (Docs. 9, 12) As explained below, this undersigned Magistrate Judge recommends the Petition be denied as untimely.

**I. Background**

    **A. Guilty Plea and Sentencing**

On April 14, 2009, the State of Arizona indicted Petitioner on one count of Burglary in the Third Degree, a Class Four felony (Count 1); one count of Forgery, a Class Four felony (Count 2); and one count of Theft of a Credit Card or Obtaining a Credit Card by Fraudulent Means, a Class Five felony (Count 3). (Doc. 9, Exhibit ("Exh.") A) On October 7, 2009, Petitioner entered a plea agreement in which he pled guilty to Count 1 (amended),

1  Burglary in the Third Degree with one prior felony conviction. (Doc. 9, Exh. G, H)  On
2  November 10, 2009, the trial court[1] sentenced Petitioner to five years in prison, the sentence
3  to which the parties stipulated in the plea agreement. (Doc. 9, Exh. I)  The trial court ordered
4  the sentence to begin following Petitioner's release from custody on another matter. (*Id.*)

### B. State Post-Conviction Proceedings[2]

On November 24, 2009, Petitioner filed a Notice of Post-Conviction Relief. (Doc. 9, Exh. K)  On December 10, 2009, the trial court appointed counsel to represent Petitioner in his post-conviction proceeding. (Doc. 9, Exh. L)  On May 5, 2010, Petitioner's counsel filed a Notice of Completion of Post-Conviction Review by Counsel; Request for 45 Day Extension of Time to Allow Defendant to File *Pro Per* Petition for Post-Conviction Relief. (Doc. 9, Exh. M)  In the Notice, counsel explained that after reviewing the record, including the trial court's minute entries, transcripts of the settlement conference, change-of-plea and sentencing hearings, and correspondence from Petitioner, counsel could find no colorable claims to raise in a post-conviction petition. (*Id.*)  On May 25, 2010, Petitioner filed a *Pro-Per* Petition for Post-Conviction Relief. (Doc. 9, Exh. N)  After a response and reply were filed, the trial court denied the post-conviction petition in a minute entry filed on August 2, 2010, after concluding Petitioner failed to set forth a colorable claim for relief. (Doc. 9, Exh. P)

Petitioner filed a Motion for Rehearing/Reconsideration on August 18, 2010, which the trial court denied on January 10, 2011. (Doc. 9, Exh. Q)  Petitioner then filed a Petition for Review in the Arizona Court of Appeals on February 18, 2011. (Doc. 9, Exh. R)  The Court of Appeals denied review on December 4, 2012. (Doc. 9, Exh. S)  Petitioner did not seek further review in the Arizona Supreme Court. (Doc. 1 at 5)

---

[1] The Honorable Paul J. McMurdie presided over Petitioner's sentencing.

[2] Under Arizona law, by pleading guilty, Petitioner waived his right to a direct appeal. *See* A.R.S. § 13-4033(B). Alternatively, he sought review by way of a Rule 32 "of right" petition for post-conviction relief. *See* Ariz.R.Crim.P. 32.1.

**C. Federal Habeas Petition**

On August 19, 2013, Petitioner filed his Petition for Writ of Habeas Corpus in this District Court.[3] (Doc. 1) Petitioner also filed a Supplemental Brief. (Doc. 2) Petitioner raises three grounds for relief in the Petition. (Doc. 6 at 6-8) In Ground One, Petitioner alleges ineffective assistance of counsel in violation of the Sixth Amendment based on his counsel's alleged failure to recognize that the plea agreement contained incorrect citations to sentencing statutes. In Ground Two, Petitioner alleges his guilty plea was not voluntarily made because the plea agreement contained incorrect citations to sentencing statutes that caused Petitioner to misunderstand the sentencing laws applicable to him. In Ground Three, Petitioner alleges ineffective assistance of his post-conviction relief counsel based on her failure to raise the ineffective-assistance claim that Petitioner asserts here in Ground One. On November 20, 2013, Respondents filed their Answer to Petition for Writ of Habeas Corpus. (Doc. 9) Petitioner then filed his Reply on December 23, 2013. (Doc. 12)

**II. Discussion**

Respondents argue the Petition should be dismissed as time-barred because it was not filed within the applicable statute of limitations period. Alternatively, Respondents contend Petitioner failed to fairly present his claims in State court, rendering them procedurally defaulted. Lastly, Respondents argue Petitioner's claims have no merit. Because the information presented establishes the Petition was filed after the limitations period expired, the undersigned Magistrate Judge finds the Petition is barred and recommends it be denied on that basis. It is, therefore, unnecessary to address Respondents' alternative arguments.

---

[3] The docket reflects the petition was actually filed on August 21, 2013. (Doc. 1) The August 19, 2013 filing date is the date Petitioner signed the petition, doc. 1 at 11, and reflects the application of the prison mailbox rule, *i.e.*, a petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).

**A. Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"[4]) imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, in plea agreement cases, the judgment of conviction becomes final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding or [upon] the expiration of the time for seeking such proceeding or review." *Id.*

The AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary

---

[4] The AEDPA, which was signed into law on April 24, 1996, governs federal habeas petitions filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997).

- 4 -

1 circumstances stood in his way" that prevented him from filing a timely petition. *Id.* at 2562
2 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

**B. Analysis**

**1. Limitations Period**

Here, after Petitioner was sentenced on November 10, 2009, he filed a timely Notice of Post-Conviction Relief on November 24, 2009. *See* Ariz.R.Crim.P. 32.4(a) (providing that a petitioner has ninety days from the entry of judgment and sentence to file an "of-right" petition for post-conviction relief). As noted above, Petitioner waived his right to a direct appeal by pleading guilty and instead filed an "of right" petition for post-conviction relief. For statute of limitations purposes, Petitioner's "of right" petition is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A) and is treated accordingly. *See Summers*, 481 F.3d at 711.

The trial court denied the post-conviction petition in a minute entry, filed on August 2, 2010. (Doc. 9, Exh. P) Petitioner then filed a Motion for Rehearing/Reconsideration on August 18, 2010. Under Arizona law, a motion for rehearing must be filed within fifteen days after the trial court's ruling. Ariz.R.Crim.P. 32.9(a). Although Petitioner's motion may have been filed a day or two late, neither party has provided a copy of the motion for rehearing. Thus, the Court has no way of determining when Petitioner signed the motion or submitted it to prison authorities for mailing. The Court will, therefore, give Petitioner the benefit of the doubt and assume the motion for rehearing was timely filed.

After the motion for rehearing was denied by the trial court in a minute entry, filed on January 10, 2011, Petitioner had thirty days to seek review of the trial court's decision in the Arizona Court of Appeals, which he failed to do within the time allowed. *See* Ariz.R.Crim.P. 32.9(c) (providing that a petitioner has thirty days from the trial court's decision to file a petition for review). Thus, the judgment of conviction became final, and the limitations period began to run, on February 10, 2011, the day after the thirty-day period for seeking review expired. *See Summers*, 481 F.3d at 711 (holding that a judgment of conviction pursuant to a guilty plea becomes "final" for purposes of § 2244(d)(1)(A) upon the

- 5 -

1 conclusion of a Rule 32 of-right proceeding and review of that proceeding or upon the
2 expiration of the time for seeking such proceeding or review). Because the judgment of
3 conviction became final upon expiration of the thirty day time limit, Petitioner's subsequent
4 untimely Petition for Review, signed by Petitioner on February 16, 2011 and filed on
5 February 18, did not extend the commencement of, or otherwise affect, the limitations period.
6 *See Jones v. Schriro*, 264 Fed.Appx. 623, 2008 WL 176368, at *1 (9th Cir. 2008) (holding
7 that petitioner's conviction became final, and statute of limitations began to run, upon
8 expiration of time to file petition for review from denial of petitioner's of-right post-
9 conviction petition, and that subsequent untimely petition for review had no impact on
10 limitations period). Consequently, the limitations period ran uninterrupted until it expired one
11 year later on February 10, 2012. Petitioner filed his habeas petition on August 19, 2013, more
12 than a year-and-a-half after the limitations period expired. The habeas petition is, therefore,
13 untimely.

**2. Equitable Tolling**

15 As referenced above, the limitations period set forth in § 2244(d) is subject to
16 equitable tolling where a petitioner shows he has been pursuing his rights diligently and that
17 extraordinary circumstances prevented him from filing a timely petition. *Holland*, 130 S.Ct.
18 at 2562. Equitable tolling is applied sparingly, as reflected by the "extraordinary
19 circumstances" requirement. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.
20 2009). Equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063,
21 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under
22 AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted). An "external
23 force must cause the untimeliness, rather than, as we have said, merely 'oversight,
24 miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at
25 1011(quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner seeking
26 equitable tolling bears the burden of demonstrating it is warranted in his habeas case. *Doe*
27 *v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing, *inter alia*, *Holland*, 130 S.Ct. at 2562).
28 Here, Petitioner fails to explicitly request equitable tolling in the Petition or in the

1 Reply. In the Reply, however, Petitioner suggests it was not his fault that the Petition for
2 Review to the Arizona Court of Appeals was filed after the thirty-day deadline. He argues
3 that the prison's mail handling procedures may have kept it from being filed in a timely
4 manner. The Petitioner for Review itself, however, reflects that it was signed by Petitioner
5 and sent out for mailing on February 16, 2011, seven days after the February 9, 2011
6 deadline. It was then filed in the Court of Appeals on February 18, 2011. Thus, prison staff
7 promptly sent the Petition for Review out for filing such that it was filed only two days after
8 Petitioner signed it. Petitioner has, therefore, failed to demonstrate equitable tolling should
9 be applied here.

**C. Conclusion**

11 For the foregoing reasons, this Magistrate Judge finds Petitioner submitted his habeas
12 petition after the limitations period expired, and the circumstances do not support the
13 application of equitable tolling. Consequently, the Petition is barred by the AEDPA's statute
14 of limitations.

15 Based on the foregoing,

16 **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus, pursuant to
17 28 U.S.C. § 2254, doc. 1, be **DENIED**;

18 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
19 to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is
20 justified by a plain procedural bar and jurists of reason would not find the procedural ruling
21 debatable.

22 This recommendation is not an order that is immediately appealable to the Ninth
23 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
24 Appellate Procedure, must not be filed until entry of the District Court's judgment. The
25 parties have 14 days from the date of service of a copy of this recommendation within which
26 to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P.
27 6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the
28 objections. Failure to timely file objections to the Magistrate Judge's Report and

1  Recommendation may result in the acceptance of the Report and Recommendation by the
2  district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
3  (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
4  undersigned Magistrate Judge will be considered a waiver of a party's right to appellate
5  review of the findings of fact in an order of judgement entered pursuant to the Magistrate
6  Judge's recommendation. *See* Fed.R.Civ.P. 72.

DATED this 6th day of June, 2014.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge